UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

|  |  |  |
|---|---|---|
| JEREMY M. WYRICK, | ) ) ) | |
| Plaintiff, | ) ) | No. 5:22-CV-263-GFVT-HAI |
| v. | ) ) ) | RECOMMENDED DISPOSITION |
| LT. ZACHARY SMITH, *et al.*, | ) ) | |
| Defendants. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court herein recommends that *pro se* civil-rights Plaintiff Jeremy M. Wyrick's Complaint be dismissed for failure to cooperate in discovery, failure to prosecute, and failure to respond to Defendants' motion to dismiss.

## I. Background

The Court received Wyrick's Complaint on October 5, 2022. D.E. 1. The Complaint was the last filing Wyrick ever made in this case. In conducting the initial review, District Judge Van Tatenhove dismissed some of the named defendants and summarized the allegations against the three remaining defendants as follows:

> Wyrick indicates that he was previously confined at the Lee Adjustment Center ("LAC") in Beattyville, Kentucky. Wyrick alleges that in January 2022, LAC officer Lt. Matthew Step assaulted him without provocation in a staff break room. He further states that Lt. Zachary Smith and Sgt. David Carrera observed the assault but did not intervene or protect him.

D.E. 10 at 1-2. The claims that went forward are cruel-and-unusual-punishment claims against the three officers in their individual capacities under 28 U.S.C. § 1983. *Id*. at 2.

In December 2022, the matter was referred to the undersigned and the Court entered a schedule for discovery and dispositive-motions briefing. D.E. 23, 25.

On March 21, 2023, Defendants moved the Court for an order compelling Wyrick to answer written discovery propounded to him on January 31, 2023. D.E. 26. The Court ordered Plaintiff to respond to the motion by March 31 and issued the following warning:

> Plaintiff is alerted that failure to timely respond to a motion provides grounds for granting the motion. Joint Local Civil Rule 7.1(c). Also, failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions. Joint Local Civil Rule 5.3(e).

D.E. 27. Wyrick did not respond. So, the Court granted the motion and ordered Wyrick to answer the discovery requests by April 19. D.E. 28. The Court also warned Wyrick that failure to comply with the Order could result in a variety of sanctions (including dismissal of the action) under Federal Rule of Civil Procedure 37(b). *Id*. The Order did not produce compliance with Wyrick's discovery obligations.

On April 26, 2023, Defendants moved that this lawsuit be dismissed as a discovery sanction under Rule 37(b)(2)(A)(v) and for failure to prosecute under Rule 41(b). D.E. 29. The Court ordered Wyrick to respond by May 30, 2023. No response was forthcoming.

In their motion, Defendants explain they have received no discovery responses, indeed no communication from Wyrick whatsoever during this litigation. D.E. 29. Further,

> Despite a request to Wyrick for him to provide counsel with his contact information other than his mailing address, Wyrick did not respond and provided none. The Defendants' counsel have no way to reach Wyrick other than his mailing address. No mailings to Wyrick by the undersigned counsel have ever been returned in the mail.
>
> From all appearances, Wyrick has abandoned this action.

*Id*.

## II. Failure to Respond

First, Defendants' motion to dismiss may be granted due to Wyrick's failure to respond. When a party "fails to respond or to otherwise oppose a Defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision); *see also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in the defendant's motion to dismiss is grounds for the district court to assume that opposition to the motion is waived). Joint Local Civil Rule 7.1(c) also states that "Failure to timely respond to a motion may be grounds for granting the motion."

Here, Wyrick has filed no timely response to the motion to dismiss nor a request for an extension of the May 30 response deadline. The Court may therefore grant Defendants' motion based on the lack of response.

## III. Failure to Prosecute

Second, Wyrick's Complaint may be dismissed for failure to prosecute. Federal Rule of Civil Procedure 41(b) states:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The Sixth Circuit has identified four factors to evaluate a District Court's dismissal for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

>    (4) whether less drastic sanctions were imposed or considered before dismissal of
>    the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Each factor weighs in favor of dismissal here.

The first factor "requires a clear record of delay or contumacious conduct," meaning "behavior that is perverse in resisting authority and 'stubbornly disobedient." *Carpenter*, 723 F.3d at 704-05 (internal quotation marks omitted). The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings. *Id*. at 705.

As noted, Wyrick has made no filings since his Complaint and he has failed to respond to communications from the defense. Wyrick's apparent abandonment of this case despite multiple warnings shows "reckless disregard" for the effect of his conduct on those proceedings. *Carpenter*, 723 F.3d at 705. Unless Wyrick is deceased or otherwise incapacitated, this factor weighs in favor of dismissal.

Concerning the second factor, Defendants have been prejudiced in the sense of having to waste time, money, and effort on abandoned litigation. *See Carpenter*, 723 F.3d at 707.

Third, as noted above, Wyrick has been warned that abandoning the case could generate an adverse judgment. Finally, concerning whether less drastic sanctions are available, the Court notes that Wyrick has not participated in this case since filing the Complaint and he will have fourteen days to object to this recommended disposition.

### IV. Discovery Sanctions

Rule 37(b)(2)(A)(v) states that if a party "fails to obey an order to provide or permit discovery," the Court may issue an order "dismissing the action or proceeding in whole or in part." Here, there is no disputing Wyrick failed to comply with discovery, even after the Court

granted Defendants' motion to compel discovery. D.E. 28. Here, dismissal is an appropriate sanction for the reasons described above in relation to Wyrick's failure to prosecute.

## V.  Conclusion

The undersigned **RECOMMENDS** that Defendants' motion to dismiss (D.E. 29) be **GRANTED** and Wyrick's case be **DISMISSED** as a sanction under Federal Rule of Civil Procedure 37(b), for failure to prosecute under Federal Rule of Civil Procedure 41(b), and for lack of response under Joint Local Civil Rule 7.1(c).

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Judge.**  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 6th day of September, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge