UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| JEREMY M. WYRICK, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:22-cv-00263-GFVT-HAI |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LT. ZACHARY SMITH, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Recommended Disposition filed by United States Magistrate Judge Hanly Ingram. [R. 31.] Defendant Jeremy Wyrick filed a *pro se* complaint under 28 U.S.C. § 1983 alleging cruel-and-unusual punishment against a number of correctional officers in their individual capacities. [R. 1.] Mr. Wyrick contends that, while he was confined at the Lee Adjustment Center, an officer assaulted him without provocation and that two other officers observed the assault but did not interfere nor protect Mr. Wyrick. [R. 1.] The claims went forward, and, in December 2022, the matter was referred to Judge Ingram. [R. 23.] Because it appears by all means that Mr. Wyrick has abandoned the case, Judge Ingram determined that Mr. Wyrick is not entitled to relief under 28 U.S.C. § 1983 and recommends that Mr. Wyrick's case be dismissed. [R. 31.]

First, Mr. Wyrick failed to answer written discovery submitted to him in January 2023. Accordingly, Judge Ingram ordered Mr. Wyrick to respond to a Motion to Compel filed by Defendants. [R. 26, 27.] Judge Ingram's Order contained the following warning:

> Plaintiff is alerted that failure to timely respond to a motion provides grounds for granting the motion. Joint Local Civil Rule 7.1(c). Also, failure to notify the Clerk of an address

change may result in the dismissal of the litigant's case or other appropriate sanctions. Joint Local Civil Rule 5.3(e).

[R. 27.] Mr. Wyrick did not respond, so Judge Ingram granted Defendants' motion and ordered Mr. Wyrick to answer the discovery requests by April 19, 2023. [R. 28.] Judge Ingram also warned Mr. Wyrick that failure to comply with the Order could result in a variety of sanctions, including dismissal of the action, under Federal Rule of Civil Procedure 37(b). *Id*. Mr. Wyrick, again, failed to comply.

Subsequently, the Defendants moved to dismiss this matter as a discovery sanction under Federal Rule of Civil Procedure 37(b)(2)(A)(v) and for failure to prosecute under Federal Rule of Civil Procedure 41(b). [R. 29.] Judge Ingram ordered Mr. Wyrick to respond. [R. 30.] Again, no response came. Defendants relate that, indeed, they have received no discovery responses, nor any communications from Mr. Wyrick whatsoever during this litigation. [R. 29.]

Judge Ingram properly found that Defendants' motion to dismiss may be granted due to Mr. Wyrick's failure to respond. [R. 31.] Joint Local Civil Rule 7.1(c) states that "[f]ailure to timely respond to a motion may be grounds for granting the motion." Joint Ky. Civ. Prac. R. 7.1(c). The Sixth Circuit has also indicated that when he fails to respond or otherwise oppose a defendant's motion, a plaintiff waives opposition to a defendant's motion to dismiss. *See e.g. Humphry v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008); *Scott v. Tennessee*, No. 88-6095, 1989 U.S. App. LEXIS 9653, at *2 (6th Cir. July 3, 1989). In the present case, Mr. Wyrick has filed no response to the Defendants' motion to dismiss, nor has he requested an extension of the response deadline.

Judge Ingram also found that Mr. Wyrick's complaint may dismissed for failure to prosecute. [R. 31.] Federal Rule of Civil Procedure 41(b) permits a defendant to move for dismissal of an action where a plaintiff fails to prosecute or to comply with a court order. Fed.

2

R. Civ. P. 41(b).  Unless the dismissal states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits.  *Id*.  The Sixth Circuit has identified four factors to consider when addressing a motion to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault;  (2) whether the adversary was prejudiced by the dismissed party's conduct;  (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal;  and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mulbah v. Detroit Bd. Of Educ.*, 261 F,3d 586, 589 (6th Cir. 2001).

Judge Ingram walked through each factor, and concluded that each weighs in favor of dismissal.  [R. 31.]  Despite multiple orders and warnings, Mr. Wyrick has made no filings since his Complaint, and he has failed to respond to any communications from the defense.  Mr. Wyrick's seeming abandonment has prejudiced the Defendants in that they have wasted time, money, and effort.  Further, Judge Ingram warned Mr. Wyrick that abandoning the case could create an adverse judgment.  [R. 28.]  And as to whether less drastic sanctions are available, Judge Ingram noted that "[Mr.] Wyrick has not participated in this case since filing the Complaint and he will have fourteen days to object to this recommended disposition."  [R. 31.]

Rule 37(b)(2)(A)(v) permits the Court to issue an order dismissing an action in whole or in part when a party fails to obey an order to provide or permit discovery.  Fed. R. Civ. P. 37(b)(2)(A)(v).  Ultimately, Judge Ingram found that, despite the multiple opportunities to participate in this case, Mr. Wyrick failed to comply with discovery and failed to prosecute the action.  Accordingly, the recommended disposition is that dismissal is an appropriate sanction.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made.  28 U.S.C. § 636(b)(1)(c).  When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ."  *Thomas v. Arn*, 474 U.S. 140,

3

150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). No objections to the Report and Recommendation have been filed, and the time to do so has now expired. Nevertheless, this Court has considered the record, and it ultimately agrees with the Magistrate Judge's recommendation.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Magistrate Judge Ingram's Recommended Disposition [**R. 31**] as to Defendants' Motion to Dismiss [R. 29] is **ADOPTED** by and for the Opinion of the Court;

2. Defendants' Motion to Dismiss [**R. 29**] is **GRANTED**;

3. Mr. Wyrick's case is **DISMISSED** as a sanction under Federal Rule of Civil Procedure 37(b) for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for lack of response under Joint Local Civil Rule 7.1(c); and

4. **JUDGMENT** in favor of the Defendants will be entered contemporaneously herewith.

This the 14th day of November 2023.

Gregory F. Van Tatenhove
United States District Judge